UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ANTHONY WRIGHT,

                Petitioner,

        v.

KENNETH QUINN,

                Respondent.

No. CV-06-211-FVS

ORDER DISMISSING PETITION

**THIS MATTER** comes before the Court based upon Anthony Wright's petition for a writ of habeas corpus.  He is represented by Jeffrey Ellis; the respondent by Assistant Attorney General John Samson.

**BACKGROUND**

Several gunmen shot repeatedly at a house which was occupied by adults and children.  A bullet struck and killed a child.  Law enforcement officers suspected that Anthony Wright was involved in the shooting.  At some point thereafter, investigators received a tip from a prison guard.  He had intercepted a telephone call from a woman to an inmate named David Haynes.[1]  Mr. Haynes asked the woman about "Snoop," which is Mr. Wright's nickname.  The woman said "that Snoop was 'real sick and taking antibiotics.'"  The guard provided the caller's telephone number to investigators.  One of them called the

---

The identity of the woman is unclear.

ORDER DISMISSING PETITION - 1

number and spoke to Ellen Fulmer.  She furnished information that prompted him to call Rana Garrett.  Not only did Ms. Garret implicate Mr. Wright in the shooting, but also she played an important role in his arrest and testified against him at trial.[2]  A jury convicted him of one count of murder in the first degree, one count of attempted murder in the first degree, and six counts of first degree assault. The Washington Court of Appeals affirmed his conviction and the chief judge of that court later denied his request for post-conviction relief.  He filed a petition for a writ of habeas corpus that presents essentially three exhausted claims.  One is that his attorney deprived him of effective assistance in violation of the Sixth Amendment by failing to seek the suppression of Ms. Garrett's testimony.  Another claim is that his attorney deprived him of effective assistance by failing to object to a statement that the prosecutor made during the course of closing arguments.  The third claim is that the cumulative impact of his attorney's errors warrants habeas relief.

**STANDARD**

Mr. Wright is entitled to habeas relief only if the adjudication of his claims by the Washington Court of Appeals: (1) was "contrary to, or involved an unreasonable application of, clearly established

Some of the facts set forth above are drawn from a report which was prepared by Spokane Police Detective Kip Hollenbeck; a report Mr. Wright attached to the "Statement of Additional Grounds for Review" that he submitted to the Washington Court of Appeals during the course of his direct appeal. (Submission of Relevant State Court Record, Exhibit 5.)

ORDER DISMISSING PETITION - 2

Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2). *See Carey v. Musladin*, 549 U.S. ----, ----, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006).

**FAILURE TO FILE SUPPRESSION MOTION**

Mr. Wright alleges that the guard unlawfully intercepted the telephone call from the unidentified woman to Mr. Haynes. According to Mr. Wright, the guard's act set in motion a chain of events that enabled law enforcement officers to obtain Ms. Garrett's cooperation. Mr. Wright alleges that his attorney should have moved to suppress her testimony on the ground that it was the fruit of an unconstitutional act.

Mr. Wright must demonstrate that his attorney's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to do so, he must show that the guard's conduct arguably infringed his Fourth Amendment rights. *See Rakas v. Illinois*, 439 U.S. 128, 138, 99 S.Ct. 421, 428, 58 L.Ed.2d 387 (1978) ("the rights assured by the Fourth Amendment are personal rights, which may be enforced only at the instance of one whose own protection was infringed by the search and seizure") (internal punctuation and citation omitted). Absent such a showing, Mr. Wright's first ineffective assistance claim necessarily fails.

Mr. Wright has cited no evidence indicating that he participated

in the telephone call to Mr. Haynes.  Nor has Mr. Wright cited any evidence indicating that the unidentified woman was at his residence when she made the call.  Thus, as far as the Fourth Amendment is concerned, Mr. Wright lacked authority to challenge the guard's interception of the call.  *See Alderman v. United States*, 394 U.S. 165, 176, 89 S.Ct. 961, 968, 22 L.Ed.2d 176 (1969) (accused could challenge the constitutionality of electronic surveillance "if the United States unlawfully overheard [his] conversations . . . or conversations occurring on his premises, whether or not he was present or participated in those conversations").

Mr. Wright would not be able to establish "standing[3]" merely by alleging that he participated in the telephone call or that the woman called from his residence.  To begin with, there is no evidence that either he or the woman had a subjective expectation of privacy in a telephone conversation with a prison inmate.  Furthermore, he has not demonstrated that such an expectation, even if it existed, is one which society would be prepared to recognize.  *See United States v. Sababu*, 891 F.2d 1308, 1329 (7th Cir.1989) (defendant was aware that prison officials were authorized to monitor her calls to an inmate).  *Cf. Shell v. United States*, 448 F.3d 951, 956 (7th Cir.) (a visitor has a "greatly diminished expectation of privacy while communicating

---

"The term 'standing' is often used to describe an inquiry into who may assert a particular fourth amendment claim."  *United States v. Taketa*, 923 F.2d 665, 669 (9th Cir.1991).

ORDER DISMISSING PETITION - 4

with a prison inmate"), *cert. denied*, --- U.S. ----, 127 S.Ct. 327, 166 L.Ed.2d 245 (2006); *United States v. Van Poyck*, 77 F.3d 285 (9th Cir.) ("any expectation of privacy in outbound calls from prison is not objectively reasonable and that the Fourth Amendment is therefore not triggered by the routine taping of such calls"), *cert. denied*, 519 U.S. 912, 117 S.Ct. 276, 136 L.Ed.2d 199 (1996).

In sum, there is no reason to think Mr. Wright had standing under the Fourth Amendment to challenge the guard's interception of the telephone call from the unidentified woman to Mr. Haynes. As a result, it would have been futile for his attorney to move to suppress Ms. Garrett's testimony on the ground that it was the fruit of a Fourth Amendment violation. It follows that the Washington Court of Appeals properly rejected Mr. Wright's contention that he was deprived of effective assistance by his attorney's failure to seek the suppression of Ms. Garrett's testimony on that ground.

**FAILURE TO OBJECT**

During his closing argument, the prosecutor said, "The defendant also told of his involvement in this case to David Haynes." The prosecutor's statement was inaccurate. Although Mr. Haynes had testified, he had not related anything that Mr. Wright allegedly told him. Mr. Wright's trial attorney immediately recognized the inaccuracy. Nevertheless, he did not object. Later, in moving for a new trial, he explained, "I didn't feel like I wanted to emphasize the fact that the prosecutor had said that essentially Mr. Wright had

confessed to Mr. Haynes by objecting and having the Court do any type of curative instruction at that time." (Verbatim Report of Proceedings, at 1143.) Mr. Wright alleges that his attorney deprived him of effective assistance by failing to object to the prosecutor's statement.

Decisions made by defense counsel during the heat of trial are entitled to deference. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Deference is especially appropriate here because Mr. Wright's attorney had to make a split-second decision. Moreover, in evaluating the decision, the Court must consider the situation from his point of view. *Id.* The prosecutor did not say, "The defendant admitted to Mr. Haynes that he shot at the house." Rather, the prosecutor said, "The defendant . . . told of his involvement in this case to David Haynes." The phrase "told of his involvement in this case" is ambiguous; it could have meant any number of things to the jury. Not only that, but the prosecutor did not dwell on the matter. Instead, he made a single remark and moved on. While the remark was potentially damaging, it was not so egregious as to require an immediate response from Mr. Wright's trial attorney. Consequently, his decision not to object fell within the wide range of professional conduct that is permitted by the Sixth Amendment. *See Dubria v. Smith*, 224 F.3d 995, 1004 (9th Cir.2000) (en banc) (reasonably competent attorney could have refrained from objecting during prosecutor's closing argument), *cert. denied*, 531 U.S. 1148, 121 S.Ct. 1089, 148 L.Ed.2d 963 (2001). *See*

ORDER DISMISSING PETITION - 6

*also United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir.1993) (same); *United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir.1991) (same).  The Washington Court of Appeals properly rejected Mr. Wright's contention that his attorney deprived him of effective assistance by failing to object to the statement quoted above.

**CUMULATIVE ERROR**

Even if neither of the preceding allegations is sufficient to justify habeas relief, Mr. Wright argues that their cumulative impact is sufficient.  He is incorrect.  Neither of the decisions that Mr. Wright criticizes -- *i.e.*, failing to file a suppression motion and failing to object to inaccurate statement during closing argument -- was unreasonable.  Where there is no error, there can be no cumulative error.  *See United States v. Carreno*, 363 F.3d 883, 889 n.2 (9th Cir.2004).

**IT IS HEREBY ORDERED:**

Mr. Wright's petition for a writ of habeas corpus is dismissed.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___10th___ day of September, 2007.

_____s/ Fred Van Sickle_____
Fred Van Sickle
United States District Judge

ORDER DISMISSING PETITION - 7